# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLEN BROWN,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No. 1:19-cv-01796-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING APPLICATION FOR APPOINTMENT OF COUNSEL<br>(Doc. No. 1)<br><br>ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES<br>(Doc. No. 2)<br><br>ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR STAY OF EXECUTION<br>(Doc. No. 1) |

On December 23, 2019, petitioner Steven Allen Brown, a state prisoner facing capital punishment, commenced this action pursuant to 28 U.S.C. § 2254 by filing requests for appointment of counsel to represent him and stay of execution. (Doc. No. 1.) Therein, petitioner supports the requests and his separate motion to proceed *in forma pauperis* filed on his behalf by Kelly Culshaw, Assistant Federal Defender, (Doc. No. 2), by attesting to his capital conviction and sentence following direct review and state collateral proceedings, his belief in entitlement to redress, his need for appointed counsel and preference for re-appointment of state appellate and post-conviction counsel, and his indigence.

Section 3599a)(2) of Title 18 of the United States Code provides for the appointment of one or more attorneys to represent an indigent person proceeding under 28 U.S.C. § 2254 to vacate a death sentence. Rule 191(c) of the Local Rules of the United States District Court for the Eastern District of California also provides for the appointment of counsel for indigent capital habeas petitioners. Under this rule, selection of counsel is made from a panel of attorneys qualified for appointment in death penalty cases and certified by a selection board appointed by the Chief Judge. Based on petitioner's submissions, he is entitled to appointment of counsel under 18 U.S.C. § 3599(a)(2).

Section 2251(a)(3) of Title 28 of the United States Code provides for grant of stay of execution once federal jurisdiction is invoked by a request for appointment of counsel pursuant to 18 U.S.C. § 3599(a). Rule 191(g)(1-2) of the Local Rules also provides for stay of execution pending appointment of counsel and final disposition. Based on the petitioner's submissions, an order granting a stay of execution is unnecessary at this time because no execution date has been set.

Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a petitioner seeking *in forma pauperis* status shall file an affidavit of assets as required by 28 U.S.C. § 1915. Rule 3(a) also requires a certificate from the prison stating the amount on deposit in the petitioner's accounts. Based on petitioner's submissions, he has complied with the requirements of 28 U.S.C. § 1915 and Rule 3(a). (*See* Doc. Nos. 1 & 5.) He is entitled to proceed *in forma pauperis*.

Accordingly,

1. Petitioner's application for appointment of counsel is granted. The matter is referred to the Selection Board for the Eastern District of California for recommendation of suitable counsel.

2. Petitioner's application to proceed *in forma pauperis* is granted.

/////
/////
/////

3. Petitioner's request for stay of execution is denied without prejudice in light of the fact that no execution date has been set.

IT IS SO ORDERED.

Dated: __**January 12, 2020**__   _____
UNITED STATES DISTRICT JUDGE