UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLEN BROWN,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No.  1:19-cv-01796-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER (1) GRANTING UNOPPOSED MOTION TO FILE LATE REPLY BRIEF, and (2) GRANTING EQUITABLE TOLLING TO AND INCLUDING JUNE 1, 2021 |

On June 11, 2020, petitioner Steven Allen Brown, through counsel, moved to equitably toll the September 11, 2020 limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action.  The motion requests that the current petition filing deadline of September 11, 2020 be equitably tolled to February 1, 2021 on grounds of delay in the appointment of federal habeas counsel, and further equitably tolled to June 1, 2021 on grounds of impediments arising as a result of the COVID-19 pandemic.

On July 13, 2020, respondent Warden Ronald Davis, through counsel, filed his opposition to equitable tolling beyond February 1, 2021.  Petitioner filed a reply in support of the equitable tolling motion on July 28, 2020, and therein moved, unopposed, to allow the late filing of the reply.

/////

1

The court having considered the parties' filings and the record finds the pending motions amenable to decision without a hearing.[1]

For the reasons explained below, the court will allow the filing of petitioner's untimely reply, and will grant petitioner's motion for equitable tolling of the applicable statute of limitations to and including June 1, 2021.

## I. BACKGROUND

On January 5, 1996, petitioner was convicted of first degree murder, sodomy, and forcible lewd acts on a minor under 14, with the special circumstance of murder in the commission of the sexual offenses, and sentenced to death. *See* Tulare County Superior Court Case No. 32842.

On April 6, 2010, petitioner filed his automatic appeal. *People v. Steven Allen Brown*, Case No. S052374.

On February 27, 2012, petitioner filed his state habeas petition. *In re Steven Allen Brown on Habeas Corpus*, Case No. S200366.

On June 2, 2014, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal. *People v. Brown*, 59 Cal. 4th 86 (2014). The United States Supreme Court denied certiorari on February 23, 2015. *Steven Allen Brown v. California,* 135 S. Ct. 1402 (2015).

On September 11, 2019, the California Supreme Court summarily denied petitioner's state habeas petition on the merits. *Brown on H.C.,* Case No. S200366.

On December 23, 2019, petitioner commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254 by filing pro se requests for the granting of *in forma pauperis* status, appointment of counsel, and a stay of execution.

On January 13, 2020, the court granted petitioner's requests to proceed *in forma pauperis* and for appointment of counsel and denied without prejudice his request for a stay of execution.

/////

---

[1] See Doc. No. 15 at 2, n.2.

1  On January 31, 2020, the court adopted the recommendation of the Selection Board for the Eastern District of California and appointed Sara Cohbra, Esq. and John Mills, Esq. to represent petitioner in this federal habeas proceeding.[2]

On February 4, 2020, the court set the initial case management conference for June 1, 2020, and directed counsel to meet and confer regarding initial case scheduling and file a joint statement thereon.

On May 22, 2020, the parties filed a joint statement, which included: (i) their agreement that respondent would not assert the 28 U.S.C. § 2244(d)(1) limitations deadline for the filing of the federal habeas petition until February 1, 2021, i.e. one year and one day after appointment of petitioner's counsel, and (ii) notice of their disagreement over whether petitioner is entitled to further equitable tolling of the applicable statute of limitations to June 1, 2021 on the grounds that impacts stemming from the ongoing COVID-19 pandemic have and will prevent timely completion of the federal habeas petition to be filed in this action notwithstanding the exercise of reasonable diligence on behalf of petitioner and his counsel.

On May 26, 2020, following its review of the parties' joint statement, the court vacated the June 1, 2020 case management conference and set a briefing schedule for petitioner's tolling motion that is now pending before the court.

On July 30, 2020, respondent lodged the record.

## II. DISCUSSION

Petitioner has moved for leave to file one day late his reply brief in support of the equitable tolling motion. (Doc. No. 18.) Petitioner argues the due date was erroneously calendared by his counsel and that the error went unrecognized because of counsel's COVID-19 related childcare responsibilities. (*Id.*) Respondent does not oppose this request. (*Id.*)

The court finds good cause to allow the one day late filed reply brief.

Petitioner has also moved for equitable tolling from the statutory deadline of September 11, 2020 to February 1, 2021 on grounds delay in the appointment of federal habeas counsel

---

[2] The order issued on January 30, 2020 and docketed on January 31, 2020. (Doc. No. 8.)

has and will prevent timely filing of a complete federal habeas petition, notwithstanding continuing diligent efforts by the defense team, who continue to work on the matter. (Doc. No. 16 at 6-8.)

Respondent, while not conceding that "the time it takes the [c]ourt to appoint counsel constitutes an extraordinary circumstance for the purpose of equitable tolling[,]" has agreed not to assert the AEDPA deadline on this ground until February 1, 2021. (Doc. No. 14 at 2; Doc. No. 17 at 4, n.1.)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *accord Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th

Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-CV-0388 L (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

This "exercise of a court's equity powers must be made on a case-by-case basis" and it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland*, 560 U.S. at 649–50. The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); *accord Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020). Here, petitioner has satisfied that burden by establishing that the extraordinary circumstances brought about by the delay in appointment of federal habeas counsel render him presently unable to file a proper federal habeas petition in this action by the statutory deadline of September 11, 2020.

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2). "[T]he right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott,* 512 U.S. 849, 855-56 (1994). An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858.

Here, any lack of diligence in commencing this proceeding and appointing counsel to represent petitioner is not attributable to petitioner. The limitations period began to run on September 11, 2019, when the California Supreme Court denied petitioner's state habeas petition. Petitioner argues, and respondent does not disagree, that state post-conviction counsel

delayed commencement of this proceeding by over three months, and that the process of appointing counsel consumed another six weeks. (*See* Doc. No. 16 at 6-8; Doc. No. 17 at 4, n.1); *see also Dennis v. Woodford*, 65 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999) (the timing of the appointment of counsel "[is] beyond the control of petitioner[.]").

The lack of appointed counsel is an extraordinary circumstance in this case given the time passed since the crime, the complexity of issues, the voluminous record, the extensive required investigation, and petitioner's possible incompetency and mental health issues. (*See* Doc. No. 16 at 8; Doc. No. 16-2; Doc. Nos. 19-25); *see also Bunyard v. Davis*, No. 2:15-CV-01790 WBS AC DP, 2016 WL 128429, at *3 (E.D. Cal. Jan. 12, 2016), *report and recommendation adopted,* No. 2:15-CV-01790 WBS AC P, 2016 WL 366230 (E.D. Cal. Jan. 29, 2016) (the question is whether the lack of representation, in context of all the relevant circumstances, prevents timely filing and warrants the court's exercise of its equitable powers). The court observes the core record lodged by respondent in this case spans 16,627 pages including: the 365 page appellate opening brief stating 11 claims including subclaims, the California Supreme Court's 41 page reasoned opinion affirming the judgment of conviction and sentence on automatic appeal, and the 159 page state habeas corpus petition asserting 18 claims and subclaims supported by 8 exhibits totaling 159 pages. (*See* Doc. Nos. 19-25.)

As in *Bunyard*, this case "is comparable to others in which district courts in California have granted equitable tolling for delays in the appointment of counsel in light of voluminous records, case complexity, and a general showing by plaintiff's counsel of the work to be done." *Bunyard*, 2016 WL 128429, at *5, citing *Kennedy v. Warden*, No. 2:13-CV-02041 LKK KJN DP, 2014 WL 1513371, at *11 (E.D. Cal. Apr. 16, 2014) (recommending tolling for 120 day period between initial filing and appointment of counsel), findings and recommendations adopted at Doc. No. 35 (E.D. Cal. Jun. 17, 2014); *see also Dickey v. Ayers*, No. 1:06-CV-00357 AWI, 2006 WL 3359231, at *3 (E.D. Cal. Nov. 20, 2006) (tolling for 138 day period between initial filing and appointment of counsel).

/////

/////

As also noted, respondent does not oppose prospective equitable tolling for the delay in appointment of counsel.[3] Respondent seemingly concedes petitioner's diligence and the extraordinary circumstances presented by the delay in appointing federal habeas counsel, as well as the absence of prejudice in tolling the statutory limitations deadline for the filing of the petition to February 1, 2021.

Based upon these circumstances, the court concludes that petitioner is entitled to equitable tolling of the statutory deadline to and including February 1, 2021.

Finally, petitioner has moved for further equitable tolling to June 1, 2021, on the grounds that the extraordinary circumstances posed by the ongoing COVID-19 pandemic have and will prevent timely filing of a complete federal petition, notwithstanding the diligent efforts by the defense team, who have worked and continue to work on the matter. (Doc. No. 16 at 9-19.)

Petitioner supports his further tolling request by pointing to the devastating general impacts of the COVID-19 pandemic including: (i) continuing states of emergency at national, state and local levels and within this court, (ii) stay-at-home and work-from-home directives, (iii) cancellation of prison visits, and (iv) remote schooling and attendant parental childcare responsibilities. (Doc. No. 16 at 3, 9-19; *see also* Doc. Nos. 16-3, 16-4, 16-5.)

Petitioner also points to case specific impacts of the ongoing COVID-19 pandemic that have and will impede the following tasks necessary for the filing of the federal petition in this case: (i) core and non-core record assembly and review, (ii) evidence review, (iii) psychosocial, criminal, mental state and mitigation investigation, (iv) claim development and related discovery, travel, in-person meetings and interviews with petitioner, experts, and lay witnesses, and rendition of expert services. (Doc. No. 16 at 3, 9-19; Doc. Nos. 16-2; *see also* Doc. Nos. 18-1 at 3-4, 18-2, 18-3.) Petitioner argues these case specific impediments are

---

[3] The statute of limitations is an affirmative defense that must be asserted by the government in the answer. *See* Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *Randle v. Crawford*, 578 F.3d 1177, 1183-87 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g*, 604 F.3d 1047 (9th Cir. 2010) (limitations defense not waived unless by a responsive pleading).

exacerbated by the failure of petitioner's trial counsel to present any mitigating evidence, and the inadequate investigation conducted by petitioner's trial and post-conviction counsel. (*See* Doc. No. 16 at 9-19; Doc. No. 18-1 at 3-6.)

Respondent opposes COVID-19 based anticipatory equitable tolling, arguing that the motion is premature and should be denied without prejudice. (Doc. No. 17 at 4-6.) Respondent points to the recent Ninth Circuit decision in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (*en banc*) as authority for the proposition that equitable tolling of § 2244's limitations period is available only retrospectively, i.e. after the filing of an untimely petition. Respondent further argues that "[i]f [petitioner] cannot file[] a petition that includes all of his intended claims by February 1, 2021, then on or before that date, he could file a 'protective petition' that includes the claims that he has fully developed, thus ensuring that those claims are timely. Afterward, according to respondent's counsel, petitioner "could move [to] amend the petition with any additional claims and, [at] the same time, he may seek equitable tolling for those claims. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a)." (Doc. No. 17 at 6.)

Petitioner replies that the holding in *Smith* does not impose a blanket ban on prospective equitable tolling, and that the COVID-19 pandemic continues to be an extraordinary circumstance that has already prevented the timely filing of a complete federal habeas petition, notwithstanding his counsels' obvious exercise of reasonable diligence. (Doc. No. 18-1 at 2-6.)

The court is unpersuaded by respondent's argument that the recent decision of the Ninth Circuit in *Smith* effectively eliminates prospective equitable tolling of the AEDPA statute of limitations in all cases. The Supreme Court has not held that equitable tolling of the 28 U.S.C. § 2244 deadline is unavailable prior to filing of an untimely petition. Moreover, the Ninth Circuit has long countenanced prospective equitable tolling. *See Beeler*, 128 F.3d at 1285, 1289 (finding no basis for upsetting the district court's decision to grant the petitioner's request to prospectively equitably toll the AEDPA statute of limitations and extend the filing date for his federal habeas petition due to a substitution of habeas counsel over which petitioner had no control); *accord Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002)

("[W]e find that prospectively tolling § 2244(d)(1)'s one year limitation period was reasonable in this case.")

District judges of this court have, of course, long followed *Beeler* and therefore authorized prospective equitable tolling. *See e.g., Williams v. Chappell*, No. 1:12-CV-01344 LJO, 2013 WL 3863942, at **4-5 (E.D. Cal. July 24, 2013) ("Prospective equitable tolling has been practiced in California federal cases since [*Beeler*].") (citing cases); *Kennedy,* 2014 WL 1513371, at *8 (recommending pre-petition tolling, noting that "[P]etitioner has shown a number of courts in this circuit have found equitable tolling appropriate pre-petition. Respondent cites no authority to support his position to the contrary."), *findings and recommendations adopted at* Doc. No. 35 (E.D. Cal. Jun. 17, 2014); *Bunyard,* 2016 WL 128429, at *5 ("[T]he court concludes that the 68-day delay in appointment of counsel in this case, considered in light of the age and complexity of the case [including the fact of the penalty retrial and the size of the record], constitutes an exceptional circumstance outside petitioner's control that prevents him from filing within the one-year period."); *Whalen v. Warden, California State Prison at San Quentin*, No. 1:14-CV-01865-LJO-SAB, 2015 WL 5359833, at **4-6 (E.D. Cal. Sept. 14, 2015) ("Petitioner's request for assistance from counsel was delayed the noted 82 days through no fault of his own. For this reason and those discussed below, he was effectively unable to prepare the petition during the period of delay," and also citing the need to develop and present additional claims, the fact that the record was incomplete and voluminous, that the issues were complex, and the lack of demonstrated prejudice to the respondent).

Other federal district courts in California have relied upon the Ninth Circuit's holding in *Beeler* in granting prospective equitable tolling of the AEDPA limitations period. *See e.g. Tully v. Davis*, No. 18-CV-04763-EMC, 2019 WL 1676080, at *3 (N.D. Cal. April 17, 2019) (the lack of appointed counsel for 85 days warranted tolling, noting the volume of the record, the complex nature of capital habeas litigation, and respondent's waiver of the statute of limitations for the requested period of tolling); *Hoyos*, 2010 WL 596443, at *6 (217 day delay in appointment of counsel warranted a period of tolling, concluding that "just over six months

of equitable tolling will allow counsel an opportunity to complete record review, investigation, a mental health evaluation of petitioner, and file the habeas petition."); *cf. Weaver v. Davis*, No. 18-CV-2888 BTM (LL), 2019 WL 2743969, at *3 (S.D. Cal. July 1, 2019) (denying without prejudice pre-petition equitable tolling where petitioner failed to show extraordinary circumstances preventing the timely filing of his federal petition).

In short, under *Beeler*, the law of the Ninth Circuit has long been that prospective equitable tolling of the AEDPA statute of limitations is appropriate in capital habeas cases where a fact specific showing justifying such equitable tolling has been made. In *Smith*, a non-capital federal habeas action, the question of prospective tolling of the AEDPA statute of limitation was not even before the court. Rather, in that case the petitioner had filed his federal petition two months after the expiration of the deadline for seeking federal habeas relief. *Smith*, 953 F3d at 587. The Ninth Circuit, sitting *en banc*, rejected the petitioner's retrospective "stop-clock" argument (i.e. that the limitations period was tolled during the two months delay in providing him with the trial court record), because the petitioner could not show he had exercised diligence during the ten months thereafter that he otherwise had to prepare and file his federal petition.[4] The court in that case found the petitioner had simply failed to show that he exercised the diligence required for equitable tolling under *Holland* before, during, and after he had obtained the state court record. 953 F.3d at 601-02. In doing so, the Ninth Circuit merely held that the length of any equitable tolling cannot be mechanically determined and that the existence of extraordinary circumstances does not automatically result in equitable tolling absent a showing of the exercise of diligence through the entire time period. *Id*. at 601. That holding does not prohibit prospective equitable tolling of the AEDPA statute of limitations based upon extraordinary circumstances that have already taken place and had their impact (i.e. the COVID-19 pandemic), where a finding has been made by the court that those ongoing circumstances make the timely filing of a complete

---

[4] The "stop-clock" approach extends the limitations period by the duration of the impediment to filing the petition, regardless of whether petitioner was reasonably diligent after the impediment was removed. *See Smith*, 953 F.3d at 586.

federal habeas petition unlikely, if not impossible, and where petitioner's counsel has both demonstrated and committed to the continued exercise of due diligence.

Of course, the Ninth Circuit did not address this issue in *Smith* because it was clearly not even before the court in that case.[5] That decision can't be interpreted as deciding a question it didn't address. Moreover, the decision in *Beeler* remains binding Ninth Circuit precedent with respect to the court's authority to grant prospective equitable tolling of the AEDPA statute limitations where, as here, it is supported by an appropriate showing. The Ninth Circuit in *Smith* certainly did not expressly overrule *Beeler;* indeed, it did not even mention the decision in *Beeler*. In *Smith*, the court analyzed the *Holland* factors retrospectively on facts where an untimely federal petition had been filed and the impeding extraordinary circumstance abated long before the AEDPA limitations period had expired. *See Smith*, 953 F.3d at 589-91, 598-600. In *Beeler*, the court analyzed the *Holland* factors prospectively on facts where the petitioner sought pre-petition tolling in the face of an impediment that was ongoing during the AEDPA limitations period. *See* 128 F.3d at 1289. The two cases, consistent on the law and distinguishable on their facts, are not irreconcilable. *See Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (circuit precedent is implicitly overruled where intervening higher authority undercuts the underlying theory or reasoning, such that the cases are clearly irreconcilable); *accord Organic Cannabis Foundation, LLC v. Comm'r.*, 962 F.3d 1082, 1092-93 (9th Cir. 2020); *see also Close v. Sotheby's, Inc.,* 894 F.3d 1061, 1072-73 (9th Cir. 2018) (if a court can apply prior circuit precedent without running afoul of intervening authority, it must do so).

Of course, "overrulings by implication are disfavored, and, in the best of circumstances, a [court] ought not lightly presume the implicit overruling of an established circuit precedent." *United States v. Chhien*, 266 F.3d 1, 11 (1st Cir. 2001) (citing *Stewart v. Dutra Constr. Co.*, 230 F.3d 461, 467 (1st Cir. 2000)); *see also Cooper v. MRM Inv. Co.*, 367 F.3d 493, 507 (6th

---

[5] As the court in *Smith* itself acknowledged, "we granted rehearing *en banc* to resolve a conflict within our cases about the nature of the diligence required for a petitioner to be eligible for equitable tolling." 953 F.3d at 587.

Cir. 2004) ("Implicit overrulings, however, are disfavored . . . . When possible, we will distinguish seemingly inconsistent decisions rather than find an overruling by implication."); *Mickens v. Taylor*, 240 F.3d 348, 359 (4th Cir. 2001) ("O]verruling by implication is not favored."), *aff'd*, 535 U.S. 162 (2002); *SEIU Local 121RN v. Los Robles Reg'l Med. Ctr.*, No. 2:18-CV-03928-SVW-RAO, 2019 WL 1063389, at *10 (C.D. Cal. Jan. 15, 2019) ("Until the Ninth Circuit affirmatively answers the question of whether prior authority was implicitly overruled by intervening higher authority, the district court is constrained to apply binding Ninth Circuit precedent."); *Scheafnocker v. Comm'r of I.R.S.*, No. CIV S-05-2002 RRB EFB PS, 2008 WL 478009, at *2 (E.D. Cal. Feb. 19, 2008) (rejecting the implicit overruling of binding precedent where the intervening higher authority did not directly reach the issue considered in the prior precedent [i.e. equitable tolling in the context of a tax refund claim versus a wrongful levy claim] such that the context of the analysis was different). While there may arguably be some conceivable tension between the decisions in *Beeler* and *Smith*, that is an insufficient basis upon which to conclude that the former was implicitly overruled by the latter. *See Aleman Gonzalez v. Barr*, 955 F.3d 762, 768-69 (9th Cir. 2020); *United States v. Walker*, 953 F.3d 577, 581 (9th Cir. 2020).

Under respondent's interpretation of the decision in *Smith*, a petitioner faced with an ongoing extraordinary circumstance impeding completion of the federal petition either would need to: (i) prepare and timely file in federal court a shell (i.e. incomplete) petition, later move to amend it, and then seek relation back or equitable tolling on a claim by claim basis, or (ii) file an untimely federal petition that violates case scheduling and risks dismissal and sanctions. But neither equity nor the holding in *Smith* require that in all cases petitioner be bound to these options and the concomitant consumption of extremely scarce judicial resources. Indeed, in *Holland* the Supreme Court recognized that flexibility is inherent in equity in order to meet new situations that demand equitable intervention. *See* 560 U.S. at 650. Moreover, the Ninth Circuit in *Smith* acknowledged that equity is not meant to create blanket, prospective rules, but rather to address case specific circumstances. *See* 953 F.3d at 590.

/////

1    The court is persuaded that, on the facts and circumstances of this case, the
2 extraordinary circumstances brought about by the COVID-19 pandemic have rendered
3 petitioner presently unable to file a complete federal habeas petition prior to the requested, as
4 tolled, filing deadline of June 1, 2021.[6]  Petitioner has carried the burden of showing that
5 notwithstanding the continuing exercise of reasonable diligence, the COVID-19 pandemic
6 makes it unlikely and very well impossible that a comprehensive federal habeas petition in this
7 case can be completed and filed prior to the requested, as tolled, deadline of June 1, 2021.
8 *Holland*, 560 U.S. at 649–50; *Miranda*, 292 F.3d at 1065; *see also Grant*, 862 F.3d at 918;
9 Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254.

10    As discussed above, petitioner has pointed to case specific impacts of the ongoing
11 COVID-19 pandemic that have and will continue to impede record assembly and review, lay
12 and expert discovery, claim investigation and development, and preparation of a complete
13 federal habeas petition.  (Doc. No. 16 at 3, 9-19; Doc. No. 16-2; Doc. No. 18-1 at 3-4; Doc.
14 Nos. 18-2, 18-3.)  Petitioner has pointed to facts of allegedly deficient conduct by trial and
15 appellate counsel in state court proceedings that exacerbate the COVID-19 impacts on the
16 work to be done in this action on behalf of petitioner.  (*See* Doc. No. 16 at 9-19; Doc. No. 18-1
17 at 3-6.)  Petitioner has supported his assertion that the issues and claims in this case are legally
18 and factually complex.  (*See* Doc. No. 16 at 3, 9-19; Doc. No. 16-2; *see also* Doc. No. 18-1 at
19 3-6, Doc. No.  18-2, Doc. No. 18-3); *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (in a pre-
20 AEDPA case, stating that "petitioner must conduct a reasonable and diligent investigation
21 aimed at including all relevant claims and grounds for relief in the first federal petition."),
22 /////
23 /////
24

---

[6] In another case, based on the facts and circumstances then before the court in that case, the undersigned recently granted prospective equitable tolling on grounds the COVID-19 pandemic presented an extraordinary circumstance that impeded timely filing of a complete federal habeas petition,  impacting petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition.  *See Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at **5-6 (E.D. Cal. Aug. 13, 2020).

*superseded by statute as recognized in Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1707 (2020).[7]

In opposing petitioner's motion for prospective tolling here, respondent has not addressed such matters. Indeed, respondent has not argued the *Holland* factors at all, conceding by implication that: (i) petitioner has been reasonably diligent, and (ii) the COVID-19 pandemic is an ongoing extraordinary circumstance. Additionally, respondent has not suggested any possibility that he would suffer prejudice should the requested relief be granted here. The court finds absolutely no reason to believe that respondent will suffer prejudice from the relatively brief (four month) further delay in filing of the federal petition sought by petitioner's counsel in this case. Nothing suggests any impact by the granting of this motion upon the ability of respondent to oppose any challenges raised by petitioner to his underlying 1996 judgment of conviction and sentence.

At the time of this order, the courthouses of this district have been closed to the public by General Order for over five months and will remain so for the foreseeable future, the Judicial Council of the Ninth Circuit has certified that emergency conditions existing in the Eastern District of California justifying the temporary suspension of the 70–day period to bring criminal defendants to trial, and this court's ability to function normally has been severely

---

[7] Two district courts within the Ninth Circuit have addressed requests for prospective equitable tolling based on the impact of the COVID-19 pandemic following the decision in *Smith* and have reached different conclusions. In one of those cases, the motion for prospective equitable tolling was denied without prejudice and the petitioner was directed to file a shell petition which could later be amended (i.e. the same ruling respondent seeks here). *See Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at **4–5 (D. Ariz. June 22, 2020). In that case the court acknowledged the Ninth Circuit's holding in *Beeler* but concluded, without analysis, that the decision in *Smith* "implicitly rejects prospective tolling in this Circuit." 2020 WL 3414700, at *3. In contrast, another court has granted a motion for prospective equitable tolling in the wake of *Smith*, recognizing that "the extraordinary circumstance of the COVID-19 pandemic is ongoing, and at the moment it is preventing [petitioner] from filing a timely amended petition." *Dunn v. Baca*, No. 3:19-cv-00702-MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020); *see also Dale v. Williams*, No. 3:20-cv-00031-MMD-CLB, 2020 WL 4904624 (D. Nev. Aug. 202, 2020) (same). For the reasons explained above, the undersigned concludes that the decision in *Beeler* remains binding precedent in this circuit and, accordingly, that prospective equitable tolling is both available and appropriate in light of the showing made by petitioner in this case.

impaired as a result of the ongoing pandemic.  Given these established facts and for the reasons explained above, the court concludes that petitioner has carried his burden of establishing that notwithstanding the exercise of reasonable diligence, extraordinary circumstances brought about by the COVID-19 pandemic have rendered him presently unable to file a proper federal habeas petition[8] in this action prior to June 1, 2021.

Alternatively, should the undersigned's conclusion that *Beeler* remains binding precedent be later determined to be incorrect, this court affirmatively states that it can now say with certainty that in light of the circumstances noted above, were a motion for equitable tolling to accompany a federal habeas petition filed on June, 1, 2021, the court would grant it.

## CONCLUSION

For the reasons stated above, the court concludes petitioner has shown his entitlement to prospective equitable tolling of the applicable statute of limitations on grounds of delay in appointment of federal habeas counsel and the impact of the COVID-19 pandemic.  Accordingly, petitioner's unopposed motion for late filing of the reply brief (Doc. No. 18) is granted.  Petitioner's motion for equitable tolling (Doc. No. 16) is granted.  Petitioner shall file his federal habeas petition on or before June 1, 2021.

IT IS SO ORDERED.

Dated:   **August 27, 2020**                              /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE

---

[8] *See* Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254.