UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLEN BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:19-cv-01796-DAD<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING FEBRUARY 1, 2022<br><br>(Doc. No. 27) |

    On March 26, 2021, petitioner Steven Allen Brown, through counsel, moved to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action. The motion, petitioner's second, requests that the current, as tolled, petition filing deadline of June 1, 2021 be further equitably tolled to and including February 1, 2022.

    Respondent Warden Ronald Davis, through counsel, timely filed his response to the motion on April 14, 2021. Petitioner timely filed a reply in support of the motion on April 16,

/////

/////

/////

1

2021. No hearing date has been set and the court finds that none is required. The matter is deemed submitted for a decision.[1]

Having considered the pleadings and the record, the court will grant petitioner's motion for further equitable tolling of the applicable statute of limitations to and including February 1, 2022, for the reasons explained below.

## I. BACKGROUND

The procedural posture of this case, detailed in the court's prior tolling order (*see* Doc. No. 26), is summarized here.

On January 5, 1996, petitioner was convicted of first degree murder, sodomy, and forcible lewd acts on a minor under 14, with the special circumstance of murder in the commission of the sexual offenses, and sentenced to death. *People v. Steven Allen Brown,* Tulare County Superior Court Case No. 32842. The crime occurred in 1988. *Id.*

On June 2, 2014, the California Supreme Court affirmed petitioner's judgment of conviction and sentence on automatic appeal. *People v. Brown,* 59 Cal. 4th 86 (2014). The United States Supreme Court denied certiorari on February 23, 2015. *Steven Allen Brown v. California*, 574 U.S. 1158 (2015).

On September 11, 2019, the California Supreme Court summarily denied petitioner's state habeas petition on the merits. *Brown on H.C.,* Case No. S200366.

On December 23, 2019, petitioner, proceeding *pro se*, commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254. (Doc. Nos. 1-2.)

On January 31, 2020, the court appointed Sara Cohbra, Esq. and John Mills, Esq. to represent petitioner in this capital habeas proceeding. (Doc. No. 8.)

On July 30, 2020, respondent lodged the record. (Doc. Nos. 19-25.)

On August 27, 2020, the court granted petitioner's first motion to equitably toll the limitations deadline of 28 U.S.C. § 2244 from September 11, 2020 to and including June 1,

---

[1] *See* Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (Doc. No. 12), and General Orders in the Eastern District of California regarding COVID-19 Emergency available at: http://www.caed.circ9.dcn/index.cfm/iCAED/coronavirus-covid-19-guidance/

2020, observing: (i) the delay in appointment of federal habeas counsel, (ii) the extraordinary conditions brought about by COVID-19 pandemic at that time preventing petitioner's timely filing of a complete federal habeas petition in this action notwithstanding the ongoing exercise of reasonable diligence on the part of petitioner and his counsel, and (iii) respondent's failure to show prejudice should relief be granted. (Doc. No. 26 at 3-15.)

## II. DISCUSSION

In the motion now before the court, petitioner argues that notwithstanding continuing diligent efforts by his counsel and defense team, the COVID-19 impacts identified in the prior tolling motion, while easing somewhat as vaccination rates increase and infection rates decrease, continue as extraordinary circumstances impeding investigation, development and presentation of a compete federal habeas petition prior to February 1, 2022. (Doc. No. 27 at 1-4, 6-14.)

Petitioner argues that counsel and the defense team have and will continue diligent efforts at: (i) communicating with prior counsel, (ii) reviewing the trial record and trial counsel's files, (iii) initiating informal discovery and requesting background records, (iv) conducting online research, (v) locating potential witnesses and experts, (vi) reviewing witness materials, (vii) providing case-related materials to potential experts, (viii) preparing for witness interviews, and (ix) discussing claim development with the defense team via Zoom. (*Id.*)

Petitioner argues that the ongoing COVID-19 pandemic has and will continue to limit: (i) contact prison visits, interviews and expert evaluations, (ii) collection of core and non-core records, (iii) obtaining background materials, (iv) claim investigation and development including in-person interviews of potential witnesses, (v) consultation with experts, and (vi) the time and resources counsel and the defense team can devote this proceeding. (*Id.*, citing Doc. Nos. 16-3, 16-4, 16-5, 18-1, 18-2, 18-3, 27-3; *see also* Doc. No. 16-2.)

Petitioner argues that the impact of these COVID-19 limitations is particularly pronounced in this case due to: (i) the significant time passed since the crime, (ii) the complexity of issues, (iii) the voluminous record, (iv) the sparse investigation and development of forensic and psychosocial evidence by trial and state post-conviction counsel, and (v) the

1 | members of his federal habeas team who have yet to been able to be fully vaccinated against
2 | COVID-19.  (*Id.*)

3 | Respondent opposes any further equitable tolling of the applicable limitations, revisiting argument previously considered and rejected by the court, that prospective equitable tolling is unavailable in the Ninth Circuit following the decision in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (*en banc*), rendering the pending motion premature.  (Doc. No. 29 at 2.)  Still, respondent acknowledges the court's previous rejection of this argument and in the event it does so again, states his non-opposition to an additional 90 days of equitable tolling based on the ongoing COVID-19 pandemic and the information set out in petitioner's motion, as to claims not already barred by the statute of limitations.  (*Id.*)

Respondent argues that additional equitable tolling exceeding 90 days is unsupported by the instant motion.  Respondent also observes the availability and distribution of COVID-19 vaccines and agues "a reasonable likelihood that the impediments now facing [p]etitioner, including school closures, the closures of buildings that contain background records, travel limitations, and prison visiting restraints, may subside appreciably sooner than February 2022."  (*Id.*)  Respondent contends that "should the current progress against COVID-19 ultimately stall or recede, [p]etitioner could then seek additional tolling."  (*Id.* at 3.)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), *partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

4

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

Here, the court declines respondent's invitation to reconsider its prior ruling rejecting his argument that prospective equitable tolling is now unavailable as a matter of law in the Ninth Circuit. Respondent provides no basis for reconsideration of this court's prior order addressing and rejecting that contention. *See* Fed. R. Civ. P. 60(b); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice); *see also* Local Rule 230(j). Even if the undersigned's conclusion that *Beeler* remains binding precedent were later to be determined to be incorrect, this court affirmatively states that it can now say with certainty that in light of the discussion below, were a motion for equitable tolling to accompany a federal habeas petition filed in this habeas action on February 1, 2022, the court would grant it.

The court finds that at this point in time and on the facts and evidence now before it, the noted extraordinary circumstances arising from the ongoing COVID-19 pandemic make the filing of a complete federal habeas petition extremely unlikely, if not impossible, for another eight months, notwithstanding the existing and anticipated exercise of reasonable diligence by petitioner and his counsel.

Respondent does not argue the *Holland* factors in the context of facts and evidence before the court. Indeed, at least implicitly, respondent appears to concede that: (i) petitioner has been reasonably diligent, and (ii) the COVID-19 pandemic is and will be an extraordinary circumstance for at least the next several months. (Doc. No. 29 at 2.)

Respondent does not suggest he would suffer any prejudice should the requested relief be granted. The court finds no reason to believe that respondent would suffer any prejudice from the eight month delay in the filing of the petition sought by petitioner's counsel. Nothing before the court suggests any significant impact upon the ability of respondent to oppose any challenges raised by petitioner to his underlying judgment of conviction.

The court, having once granted COVID-19 related equitable tolling in this case on facts then before it, concludes the exceptional and extraordinary circumstances of the COVID-19 pandemic continue to impede petitioner's right to the assistance of appointed habeas counsel in preparing his federal habeas petition. 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); *McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context, stating that "[P]etitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."), *superseded by statute as recognized in Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1707 (2020).

Relatedly, the court has previously observed this case involves complex issues and a voluminous record, suggesting that an extensive investigation is required of the defense team.

The core record lodged in this case spans 16,627 pages including: (i) the 365 page appellate opening brief stating 11 claims including subclaims, (ii) the California Supreme Court's 41 page reasoned opinion affirming the judgment of conviction and sentence on automatic appeal, and (iii) the 159 page state habeas corpus petition asserting 18 claims and subclaims supported by 8 exhibits totaling 159 pages. (Doc. No. 26 at 6, citing Doc. Nos. 19-25.)

Accordingly, petitioner's second motion for equitable tolling (Doc. No. 27) is granted. Petitioner shall file his federal habeas petition on or before February 1, 2022.

IT IS SO ORDERED.

Dated: **May 7, 2021**

_____
UNITED STATES DISTRICT JUDGE