UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLEN BROWN,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No.  1:19-cv-01796-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING AUGUST 1, 2022<br><br>(Doc. No. 32) |

On December 9, 2021, petitioner Steven Allen Brown, through appointed counsel Sara Cohbra and John Mills, moved to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action.  The motion, petitioner's third, requests that the current, as tolled, petition filing deadline of February 1, 2022 be further equitably tolled to and including August 1, 2022.

Respondent Warden Ronald Davis, through counsel Deputy Attorney General Charity Whitney, timely filed his response to the motion on January 12, 2022.  Petitioner timely filed a reply in support of the motion on January 18, 2022.  Petitioner then filed supplemental authority in support of the motion on January 24, 2022.  No hearing date has been set and the

/////

1

1   court finds that none is required.  The matter is deemed submitted for a decision.[1]

2      Having considered the pleadings, supplemental authority, and the record, the court will

3   grant petitioner's motion for further equitable tolling of the applicable statute of limitations to

4   and including August  1, 2022, for the reasons explained below.

5                                        I. BACKGROUND

6      The procedural posture of this case, detailed in the court's initial tolling order (Doc. No.

7   26), is summarized here.

8      On January 5, 1996, petitioner was convicted of first degree murder, sodomy, and

9   forcible lewd acts on a minor under 14, with the special circumstance of murder in the

10  commission of the sexual offenses, and sentenced to death.  *People v. Steven Allen Brown,*

11  Tulare County Superior Court Case No. 32842.   The crime occurred in 1988.  *Id.*

12     On June 2, 2014, the California Supreme Court affirmed petitioner's judgment of

13  conviction and sentence on automatic appeal.  *People v. Brown*, 59 Cal. 4th 86 (2014).   The

14  United States Supreme Court denied certiorari on February 23, 2015.  *Steven Allen Brown v.*

15  *California*, 574 U.S. 1160 (2015).

16     On September 11, 2019, the California Supreme Court summarily denied petitioner's

17  state habeas petition on the merits.  *Brown on H.C.,* Case No. S200366.

18     On December 23, 2019, petitioner, *pro se*, commenced this federal habeas proceeding

19  pursuant to 28 U.S.C. § 2254.  (Doc. Nos. 1-2.)

20     On January 31, 2020, the court appointed Sara Cohbra, Esq. and John Mills, Esq. to

21  represent petitioner in this proceeding.  (Doc. No. 8.)

22     On July 30, 2020, respondent lodged the record.  (Doc. Nos. 19-25.)

23     On August 27, 2020, the court granted petitioner's first motion to equitably toll the

24  limitations deadline of 28 U.S.C. § 2244 from September 11, 2020 to and including June 1,

25  2021, observing: (i) the delay in appointment of federal habeas counsel, (ii) the extraordinary

26

27  [1] See Doc. No. 33; see also Standing Order in Light of Ongoing Judicial Emergency in the
    Eastern District of California (Doc. No. 12), and General Orders in the Eastern District of
    California regarding COVID-19 Emergency available at:

28  http://www.caed.circ9.dcn/index.cfm/iCAED/coronavirus-covid-19-guidance/

1  conditions brought about by COVID-19 pandemic at that time preventing petitioner's timely

2  filing of a complete federal habeas petition in this action notwithstanding the ongoing exercise

3  of reasonable diligence on the part of petitioner and his counsel, and (iii) respondent's failure

4  to show prejudice should relief be granted.

5       On May 7, 2021, the court granted petitioner's second motion to equitably toll the

6  limitations deadline of 28 U.S.C. § 2244 from June 1, 2021 to and including February 1, 2022,

7  observing: (i) the exceptional and extraordinary circumstances of the COVID-19 pandemic

8  continue to impede petitioner's right to the assistance of appointed habeas counsel in preparing

9  a complete federal habeas petition, notwithstanding counsel's ongoing reasonable diligence,

10  (ii) the investigation and claim development required of the defense team in this case is

11  extensive, and (iii) respondent's failure to show prejudice should relief be granted.

12                                      II. DISCUSSION

13       Petitioner now argues that notwithstanding continuing diligent efforts by his counsel

14  and defense team, lingering COVID-19 impacts identified in the prior tolling motions

15  exacerbated by new highly transmissible variants infecting even the fully vaccinated, and

16  COVID-19 infection among San Quentin State Prison inmates and staff and among the defense

17  team and members of their households, present extraordinary circumstances impeding the

18  investigation, development and presentation of a compete federal habeas petition prior to the

19  requested as tolled date of August 1, 2022.  (Doc. No. 32 at 3-4, 7-16.)[2]  He argues the ebb and

20  flow of the ongoing COVID19 pandemic has and will impede the necessary investigation,

21  including:  (i) collection of the core and non-core record and background materials, especially

22  materials in paper form, (ii) discovery from the state including pending requests for missing

23  records not otherwise available in prior counsel's files, (iii) in-person one-on-one, contact

24  interviews with petitioner and witnesses, and (iv) expert mental health and forensic evidence

25  testing and evaluation relating to yet to be assembled crime scene evidence and witness

26  statements, and related consultations.  (*Id.*)

27

28  _____
[2] Throughout this order, reference is to CM/ECF system pagination.

1    Petitioner argues the continuing impact of these impediments is particularly

2  pronounced in this case due to:  (i) uncertainty whether petitioner has contracted COVID-19,

3  the immunocompromised status of  potential witnesses known to be elderly or ill, and the high

4  risk of COVID-19 transmissibility in areas of field investigation; (ii) the recurring and current

5  limitations on in person and contact legal and expert visitation at San Quentin and resultant

6  backlog, (iii) COVID-19 exposure, infection and illness within the defense team

7  notwithstanding vaccination, and (iv) case complexity and the sparse investigation and

8  development for forensic and mitigating evidence by trial and state post-conviction counsel.

9  (*Id.*; Doc. Nos. 35-1, 36; *see also* Doc. Nos. 27, 30, 31.)

10    Petitioner represents that his counsel and the defense team will continue their diligent

11  efforts:  (i) communicating with prior counsel, (ii) reviewing and digesting the trial record and

12  trial counsel's files, (iii) gathering records and seeking discovery, remotely and in-person, (iv)

13  conducting online case related research, (v) conducting confidential in-person client visits, (vi)

14  identifying and locating potential witnesses, reviewing witness materials, and preparing for and

15  conducting confidential in-person witness interviews, (vii) meeting with and providing

16  materials to experts and conducting related consultations, and (viii) discussing claim

17  development amongst the defense team via Zoom.  (Doc. No. 32 at 10-16; Doc. No. 35 at 4-10,

18  and documents cited therein.)

19    Respondent argues the court should deny the instant motion without prejudice to

20  renewal because petitioner posits only a "theoretical possibility of COVID-19 transmission."

21  Respondent contends that petitioner has not proffered evidentiary facts that notwithstanding

22  current COVID-19 safety practices and protocols, and diligent efforts, a petition containing

23  record claims cannot be presented prior to the current February 1, 2022 as tolled deadline.

24  (Doc. No. 34 at 6-11 16.)  Particularly, respondent argues that petitioner's claims of COVID-

25  19 related impediments at San Quentin, and illness amongst the defense team are unsupported

26  by affidavits, documents, or other evidentiary facts.  (*Id.*  citing *Frye v. Hickman*, 273 F.3d

27  1144, 1146 (9th Cir. 2001), Fed. R. Civ. P. 6(c)(2), 11, 43(c), and 78(b); E. D. Cal. Local

28  Rules, Rule 230(h); *21st Century Fin. Servs., LLC v. Manchester Fin. Bank*, 255 F. Supp. 3d

4

1    1012, 1027 (S.D. Cal. 2017).)

2           Respondent argues petitioner has unreasonably chosen not to file his petition absent

3    ideal conditions and compliance with non-binding American Bar Association Guidelines for

4    the Appointment and Performance of Defense Counsel in Death Penalty Cases (rev. ed. 2003)

5    (hereinafter "ABA Guidelines") and ABA Supplementary Guidelines for the Mitigation

6    Function of Defense Teams in Death Penalty Cases, 36 Hofstra L. Rev. 677 (2008),

7    (hereinafter "Supplementary Guidelines".  (Doc. No. 34 at 9-16.)  He suggests any COVID-19

8    related impediments, even if exacerbated by the alleged deficiencies of petitioner's state habeas

9    counsel, have not prevented petitioner's timely filing of a petition containing the claims

10   exhausted in state court.  (*Id.* citing 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29

11   (2004); *Ryan v. Gonzales*, 568 U.S. 57, 68 (2013).)  Relatedly, respondent suggests for the first

12   time that petitioner cannot show diligence by speculating on the need to develop potential new

13   evidence and unexhausted habeas claims because this court cannot grant relief thereon.  (*Id.*)

14          Respondent also argues that petitioner fails to account for the progress made against

15   COVID-19 since the court last granted equitable tolling.  (Doc. No. 34 at 9-16.)  He observes

16   that COVID-19 vaccines have been broadly administered with 71.4% of California residents

17   and 91% of San Quentin inmates having received vaccinations.  (Doc. No. 34 at 9; Doc. No.

18   34-7.)  He suggests that COVID-19 mitigation safety practices and testing are widely available

19   and treatments for the disease are constantly improving.  (Doc. No. 34 at 6, 9; Doc. No. 34-7.)

20   He suggests that San Quentin has been mostly open for legal visits during 2021, and that

21   confidential legal phone calls have been available during that time.  (Doc. No. 34 at 10, 13; *see*

22   *also* Doc. Nos. 34-1 – 34-5.)

23          Petitioner replies with evidentiary facts that even counsel's diligent efforts cannot

24   overcome the impediments raised by the Delta and Omicron surges of 2021-22, and the press

25   of other matters also delayed by COVID-19, that in combination have prevented timely

26   development and presentation of augmented and new claims appropriately raised in his initial

27   federal petition.  (*See* Doc. No. 35-1 at 1-8 and materials cited therein.)  He argues respondent

28   is wrong in suggesting that evidence and claims not presented in state court have no place in

1  the initial petition, and points to potential new evidence and colorable claims of ineffective

2  assistance of state counsel raising intellectual disability, incompetence for trial, and unasserted

3  trial defenses.  (Doc. No. 35 at 10-11, citing ABA Guideline 10.15.1; Doc. No. 35-1 at 1-8;

4  *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); *Rhines v. Weber*; 544 U.S. 269, 277 (2005); *In re*

5  *Friend*, 11 Cal. 5th 720, 731 (2021); *Ayestas v. Davis*, 138 S. Ct. 1080, 1094 (2018).)

6       "A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been

7  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

8  and prevented timely filing."  *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*)

9  (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Espinoza-Matthews v.*

10  *California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S.

11  408, 418 (2005)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th

12  Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under

13  28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it

14  impossible to file a petition on time), *partially overruled on other grounds by Calderon v.*

15  *United States Dist. Ct. (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998), *abrogated on other*

16  *grounds by Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

17       In addition, there must be a causal link between the extraordinary circumstance and the

18  inability to timely file the petition.  *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013)

19  ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's

20  control make it impossible to file a petition on time and the extraordinary circumstances were

21  the cause of the prisoner's untimeliness.").  A literal impossibility to file, however, is not

22  required.  *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling

23  is appropriate even where "it would have technically been possible for a prisoner to file a

24  petition," so long as the prisoner "would have likely been unable to do so.").

25       Equitable tolling is limited to rare and exceptional circumstances and typically applied

26  sparingly.  *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th

27  Cir. 2017).  It may be appropriate where external forces, rather than a petitioner's lack of

28  diligence, account for the failure to file a timely claim.  *Miles v. Prunty*, 187 F.3d 1104, 1107

6

1   (9th Cir. 1999); *see also Holland*, 560 U.S. at 653 (equitable tolling requires reasonable

2   diligence, not maximum feasible diligence); *Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011)

3   (the effort required is what a reasonable person might be expected to deliver under his or her

4   particular circumstances).  Among the factors that courts have considered relevant in deciding

5   whether equitable tolling of the limitations period is appropriate are the complexity of the legal

6   proceedings and whether the state would suffer prejudice from the delay.  *Hoyos v. Wong*, Case

7   No. 09-cv-0388 L (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

8         Here, the court finds that at this point in time and on the facts and evidence now before

9   it, extraordinary circumstances arising from the ongoing COVID-19 pandemic and its Delta

10  and Omicron surges, make the investigation, development, and presentation of  a complete

11  federal habeas petition extremely unlikely, if not impossible, for another six  months,

12  notwithstanding the existing and anticipated exercise of reasonable diligence by petitioner and

13  his counsel.[3]

14        Since this matter was last before the court, the relative risk of COVID-19 infection and

15  illness presented by in person contact with petitioner, witnesses and experts, and related travel

16  and personal interaction has trended significantly upward.  The court takes notice of:  (i) the

17  relative rise in COVID-19 cases and deaths over the last six months nationwide (*see*

18  https://covid.cdc.gov/covid-data-tracker/#trends_dailycases [dailydeaths],

19  https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html,

20  https://www.cdc.gov/coronavirus/2019-ncov/science/forecasting/mathematical-modeling-

21  outbreak.html) (last visited Jan. 25, 2022), and within California (*see*

22

23  [3] The court declines respondent's invitation to revisit its previous determination that petitioner
    may seek equitable tolling to develop additional claims.  (*See* Doc. No. 26 at 8-12, 15; *see also*
24  Rules Governing § 2254 Cases, Rules 2, 28 U.S.C.A. foll. § 2254; *Ayestas*, 138 S. Ct. at 1094
    (proper application of the "reasonably necessary" standard of 18 U.S.C. § 3599(f) requires
25  courts to consider the potential merit of the claims that the applicant wants to pursue, the
    likelihood that the services will generate useful and admissible evidence, and the prospect that
26  the applicant will be able to clear any procedural hurdles standing in the way); *Rhines*, 544
    U.S. at 277 (petitioner may file a federal mixed petition for state exhaustion); *cf. Smith v.
27  Davis*, 953 F.3d 582, 601 (when a petitioner acts diligently to prepare a habeas petition, it
28  matters not if he recycles arguments previously made by counsel to state courts).

1   https://covid19.ca.gov/state-dashboard/#county-statewide) (last visited Jan. 25, 2022), (ii) the

2   current high COVID-19 transmission level throughout California (*see*

3   https://covid.cdc.gov/covid-data-tracker/#county-view?list_select_state=California&data-

4   type=Risk&list_select_county=6107) (last visited Jan. 25, 2022), and (iii) the current COVID-

5   19 modified program in effect at all California prisons including San Quentin (where petitioner

6   lives) excluding all visitors during the period January 9, 2022 through February 6, 2022 (*see*

7   www.cdcr.ca.gov/visitors/) (last visited Jan. 25, 2022).  Fed. R. Evid. 201(b); (*see also* Doc.

8   No. 34 at 9, n.1; Doc. No. 34-6; Doc. No. 36.)[4]

9          Petitioner has shown extraordinary ongoing COVID-19 safety restrictions and

10  practices, and  heightened concern and hesitance over transmissibility and illness, have defied

11  and disrupted the defense team's scheduled investigation and development of record and non-

12  record evidence and colorable claims.  For example, the defense team variously has been

13  delayed and denied with regard to prison visits; assembly and discovery of relevant records;

14  access to lay witnesses and testimony; and examination, analysis, and opinion work by retained

15  forensic and mental health experts.  (*See* Doc. No. 35-1, 36)  Even if the hoped for flattening of

16  the current COVID-19 surge comes to fruition in the coming weeks, the time reasonably

17  necessary to marshal and develop investigative facts, and provide them to forensic and mental

18  health experts for their examination and opinion, already has been lost.  (*Id.*)

19          Given the foregoing, the general availability of  COVID-19 vaccines, boosters, masks,

20  social distancing, and other safety practices noted by respondent, alone are unlikely to mitigate

21  these ongoing exceptional circumstances in a way that would allow timely presentation of a

22

[4]  The undersigned would also note that on January 3, 2022, in response to the alarming surge
23  of COVID-19 infections in California, the U.S. District Court for the Central District of
    California temporarily suspended all civil and criminal jury trials and later extended that
24  suspension through and including February 28, 2022.  *See*
    https://www.cacd.uscourts.gov/news/extension-temporary-suspension-jury-trials.  Although the
25  U.S. District Court for the Eastern District of California has deferred making such a court-wide
    determination and instead left the determination of whether to suspend in-person hearings to
26  each judge of the court, the undersigned has also temporarily suspended all in person hearings
    and trials through and including February 28, 2022 in light of the currently reported 33.3%
27  positive test rate for COVID-19 infection in Fresno County.  *See* https://covid19.ca.gov/state-
28  dashboard/#location-fresno

1  complete federal petition prior to the requested as tolled date of August 1, 2022.  Especially so,

2  given the allegedly insufficient investigation by state post-conviction counsel, and the court's

3  previous observation that this case involves complex issues and a voluminous record,

4  suggesting that an extensive investigation is required of the defense team.   (*See* Doc. No. 26 at

5  6, citing Doc. Nos. 19-25; *cf.* Doc. No. 34 at 14-15.)  The core record lodged in this case spans

6  16,627 pages including: (i) the 365 page appellate opening brief stating 11 claims including

7  subclaims, (ii) the California Supreme Court's 41 page reasoned opinion affirming the

8  judgment of conviction and sentence on automatic appeal, and (iii) the 159 page state habeas

9  corpus petition asserting 18 claims and subclaims supported by 8 exhibits totaling 159 pages.

10  (*See* Doc. No. 26 at 6, citing Doc. Nos. 19-25.)

11        Additionally, respondent does not suggest he would suffer any prejudice should the

12  requested relief be granted.  The court finds no reason to believe that respondent would suffer

13  any prejudice from the additional six month delay in the filing of the petition sought by

14  petitioner's counsel.  Nothing before the court suggests any significant impact upon the ability

15  of respondent to oppose any challenges raised by petitioner to his underlying judgment of

16  conviction.

17        The court, having twice granted COVID-19 related equitable tolling in this case on

18  facts then before it, concludes the exceptional and extraordinary circumstances of the COVID-

19  19 pandemic continue to impede petitioner's right to the assistance of appointed habeas

20  counsel in preparing his federal habeas petition, notwithstanding counsel's reasonable

21  diligence.  18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the

22  complex nature of capital habeas proceedings and the seriousness of the possible penalty, an

23  attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a

24  right for that counsel meaningfully to research and present a defendant's claims); *McCleskey v.*

25  *Zant*, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context, stating that "[P]etitioner must

26  conduct a reasonable and diligent investigation aimed at including all relevant claims and

27  grounds for relief in the first federal habeas petition."), *superseded by statute as recognized in*

28  *Banister v. Davis*, __U.S.__, 140 S. Ct. 1698, 1707 (2020).

1    Accordingly, petitioner's third motion for equitable tolling (Doc. No. 32) is granted.

2   Petitioner shall file his federal habeas petition on or before August 1, 2022.

3

4   IT IS SO ORDERED.

5    Dated:   **January 28, 2022**                    _Dale A. Drozd_
                                                       UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28