# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLEN BROWN,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>Respondent.[1] | Case No.  1:19-cv-01796-ADA<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER GRANTING PETITIONER'S UNOPPOSED REQUEST TO FILE UNDER SEAL EXHIBIT 69 IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 43) |

Before the Court is Petitioner's September 30, 2022, request to file under seal Exhibit 69 in support of his petition for writ of habeas corpus filed in this proceeding on that same day. Petitioner states the document proposed for sealing contains his juvenile records. Petitioner states that juvenile records must be filed under seal pursuant to Federal Rule of Criminal Procedure 49.1. Petitioner states that the request to seal documents, the documents to be sealed, and the proposed sealing order have been served electronically on all other parties.

Respondent has not opposed Petitioner's request and the time for doing so has passed. Local Rule 141(c). The matter is deemed submitted for a decision without a hearing. Local Rule 141(d).

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as Respondent in place of his predecessor wardens.  Fed. R. Civ. P. 25(d).

1   Petitioner, in his request, relies upon 2007 Advisory Committee Notes to Federal Rule
2   of Criminal Procedure 49.1, which provide in pertinent part that juvenile records in federal
3   criminal cases shall be filed under seal.

4   It is settled that:

> "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnote omitted). Although that right is not absolute, " 'a strong presumption in favor of access' is the starting point." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This presumption "is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.' " *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).
>
> Access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from becoming "reservoirs of libelous statements ...." *Nixon*, 435 U.S. at 597 (citations omitted). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1136).

*Miroth v. Cnty. of Trinity*, No. 222CV00460KJMJDP, 2022 WL 3965789, at *1 (E.D. Cal. Aug. 31, 2022).  Additionally, "[c]ourts have found that juvenile court records contain sensitive information that outweighs the presumption of public access and may be filed under seal." *Id.* (citing *A.C. v. City of Santa Clara*, No. 13-03276, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (citing cases); *accord see* Fed. R. Crim. P. 49.1; *see also* Cal. Welf. & Inst. Code § 827 (providing that "the Legislature reaffirms its belief that juvenile court records, in general, should be confidential")

Here, the Court observes that Petitioner is far removed from minority, and that this federal proceeding, though it seeks relief from conviction and sentence in the underlying criminal proceeding, is civil in nature.  Still, Respondent has not opposed the request on grounds compelling reasons to seal Exhibit 69 do not exist on the facts and circumstances now before the Court, or otherwise.  *See e.g.*, *Acedo v. Cnty. of San Diego*, No. 17-CV-2592 JLS (JLB), 2018 WL 3425976, at *13 (S.D. Cal. July 16,

2018) (granting motion to seal plaintiff's juvenile records in a 42 U.S.C. § 1983 proceeding).

The Court has reviewed the request to seal documents and the contents of the document to be sealed. The Court finds Exhibit 69 contains sensitive information that outweighs the presumption of public access. *Miroth*, 2022 WL 3965789, at *1; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana,* 447 F.3d at 1178-79 (holding that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the 'compelling reasons' standard"). The Court further finds that Petitioner has met the "compelling reasons" standard.

Accordingly,

1. Petitioner's request to file documents under seal (Doc. No. 43) is GRANTED. The Clerk of the Court is directed to file under seal Petitioner's 532-page Exhibit 69 proffered in support of the petition for writ of habeas corpus filed in this proceeding on September 30, 2022, with service upon only counsel for Respondent.

2. The foregoing document and the information contained therein constitutes confidential information which shall not be disclosed, in whole or part, to any person other than the Court and Court staff and individually named counsel for the parties for their use solely in connection with litigation of the habeas corpus proceeding pending before this Court.

3. No publicly filed document shall include the above document and/or the information set forth therein unless authorized by the Court to be filed under seal.

4. All provisions of this order shall continue to be binding after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment.

IT IS SO ORDERED.

Dated:   October 13, 2022

UNITED STATES DISTRICT JUDGE