UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLEN BROWN, | Case No. 1:19-cv-01796-ADA |
| Petitioner, | DEATH PENALTY CASE |
| v. | SCHEDULING ORDER |
| RON BROOMFIELD, Warden of California State Prison at San Quentin, | |
| Respondent.[1] | |

On November 2, 2022, counsel for Petitioner, John Mills, and counsel for Respondent, Deputy Attorney General Charity Whitney, filed their joint case management statement pursuant to the Court's order of October 13, 2022. Therein, counsel state their respective positions on the exhaustion status of the habeas corpus petition filed in this proceeding on September 30, 2022, as well as post-petition case management and scheduling.

The Court, having reviewed the joint statement, and the record, finds good cause to provide further scheduling, as discussed below.

Counsel first address the exhaustion status of the federal petition. Counsel appear to

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

1

agree that claims 13, 14a, 14b, 14c, and 14g are fully exhausted, and that claims 1, 2, 3, 4, 5a, 5b, 5c 5d, 5e, 5f, 6, 7, 8, 9, 10, 11, 12, 14d, 14e, and 14h are not fully exhausted. Counsel disagree on the exhaustion status of claim 14f. Petitioner states claim 14f is fully exhausted. Respondent states claim 14f is unexhausted or partially exhausted.

Counsel do not seek, and the Court will not now provide a determination of claim exhaustion status, or related scheduling. *Cf. Lucas v. Davis*, No. 15CV1224-GPC (WVG), 2017 WL 1807907, at *10–11 (S.D. Cal. May 5, 2017) (petitioner is not dilatory under *Rhines* in waiting for the federal court to rule on exhaustion before filing a petition in state court); *Leonard v. Davis*, No. 2:17-CV-0796-JAM-AC DP, 2019 WL 1772390, at *5 (E.D. Cal. Apr. 23, 2019), *report and recommendation adopted*, 2019 WL 2162980 (E.D. Cal. May 17, 2019) (same).

Counsel next address whether a case management conference is necessary. Counsel, at this time, do not request such a conference. The Court will not now set a case management conference.

Finally, counsel address post-petition scheduling. Counsel stipulate to a proposed schedule for petitioner to seek stay and abeyance of this proceeding pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to allow for claim exhaustion in state court. The Court finds good cause to provide further scheduling that includes counsel's agreed upon timelines.

Accordingly,

1. Petitioner shall file a motion to stay this proceeding pursuant to *Rhines v. Weber*, by not later than December 12, 2022. Respondent shall file a response to that motion within 60 days of the filing of the motion. Petitioner shall file any reply to respondent's response within 30 days of filing of the response. The matter will then be deemed submitted and the parties will be notified by minute order if a hearing is necessary.

2. If the Court grants stay and abeyance of this proceeding pursuant to *Rhines v. Weber*, then Petitioner shall file an exhaustion petition in the California Superior Court within 60 days of this Court's order granting stay and abeyance,

unless the Court orders otherwise.

3. If petitioner does not file a motion for stay and abeyance pursuant to *Rhines v. Weber* by the December 12, 2022 deadline, or if that motion is denied, then the Court will set a case management conference and/or provide further case scheduling.

IT IS SO ORDERED.

Dated:   November 9, 2022

_____
UNITED STATES DISTRICT JUDGE

3