UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLEN BROWN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>OAK SMITH, Warden of the California State Prison at San Quentin,<br><br>　　　　Respondent.[1] | Case No.  1:19-cv-01796-ADA<br><br>DEATH PENALTY CASE<br><br>ORDER RE MOTION TO HOLD FEDERAL PROCEEDINGS IN ABEYANCE DURING PENDENCY OF STATE EXHAUSTION PROCEEDINGS |

On December 12, 2022, counsel for petitioner moved for a stay of this federal habeas proceeding pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may present the state court with unexhausted claims contained in the federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254, on September 30, 2022.[2] [3]

Respondent Warden Oak Smith, through counsel, filed his opposition to the motion on

---

[1] Oak Smith, acting warden of San Quentin State Prison since January 2023, is substituted as respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

[2] Petitioner states the unexhausted claims are claims 1, 2, 3, 4, 5a, 5b, 5c, 5d, 5e, 5f, 6, 7, 8, 9, 10, 11, 12, 14d, 14e, 14f, and 14h (Doc. 49 at 1, 13; *see also* Doc. 47 at 2; *cf.* Doc. 48 at 2, Doc. 49 at 4; *People v. Brown*, 59 Cal. 4th 86, 119, 326 (2014); the parties stipulate the remaining claims 13, 14a, 14b, 14c, and 14g are fully exhausted. (Doc. 47 at 2; Doc. 48 at 2; Doc. 49 at 4.)

[3] All reference to pagination is to CM/ECF system pagination unless otherwise noted.

1

1  February 10, 2023.  Petitioner filed his reply in support of the motion on March 9, 2023.  The
2  motion was then taken under submission for decision.
3        Having considered the parties' filings, the record in this case, and the applicable legal
4  authority, the Court finds that: (i) petitioner has satisfied the requirements for the granting of a
5  stay pursuant to the Supreme Court's decision in *Rhines* as to federal claim 1, and (ii) this federal
6  habeas action shall be stayed pending exhaustion proceedings in state court.

## I. BACKGROUND

8        The facts of this case, as reflected in the Court's docket, are summarized below.
9        On January 5 , 1996, petitioner was convicted in Tulare County of first degree murder,
10  sodomy, and forcible lewd acts on a minor under 14, with the special circumstance of murder in
11  the commission of the sexual offenses, and sentenced to death.  (*See* Doc. 19-1 at 126-27 [*People*
12  *v. Steven Allen Brown,* Tulare County Superior Court Case No. 32842, 1 CT 101-02].)  The crime
13  occurred in 1988.  *See People v. Brown*, 59 Cal. 4th 86, 91–92 (2014); (Doc. 22 at 6).
14        On June 2, 2014, the California Supreme Court affirmed petitioner's judgment of
15  conviction and sentence*. Brown*, 59 Cal. 4th at 91.  The United States Supreme Court denied
16  certiorari on February 23, 2015.  *Steven Allen Brown v. California*, 574 U.S. 1160 (2015).
17        On September 11, 2019, the California Supreme Court summarily denied on the merits
18  petitioner's state habeas petition*. Brown on H.C.,* Case No. S200366.
19        On December 23, 2019, petitioner, *pro se*, began this federal habeas proceeding pursuant to
20  28 U.S.C. § 2254.  (Docs. 1, 2.)
21        On January 30, 2020, the Court appointed attorneys Sara Cohbra and John Mills to
22  represent petitioner in this proceeding.  (Doc. 8.)
23        On July 30, 2020, respondent lodged the state record.  (Docs. 19-25.)
24        On September 30, 2022, petitioner timely filed a 455-page federal habeas petition stating
25  14 claims including subclaims, supported by 147 appended exhibits.[4]  (Doc. 44.)
26  /////
27

---

28  [4] Petitioner's Exhibit 69 in support of the federal petition was filed under seal on October 13, 2022.  (*See* Doc.45.)

## II. LEGAL STANDARDS

A federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fully and fairly presenting to the highest state court all federal claims before presenting those claims for relief to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *Wooten v. Kirkland,* 540 F.3d 1019, 1025 (9th Cir. 2008).

Stay and abeyance of a federal habeas petition that includes both exhausted and unexhausted claims is appropriate in "limited circumstances" where: (i) "the petitioner has good cause for his failure to exhaust," (ii) "his unexhausted claims are potentially meritorious," and (iii) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that fully unexhausted petitions may be stayed pursuant to *Rhines* where these same requirements are met). Such a stay allows state courts the first opportunity to consider and address a state prisoner's habeas corpus claims. *Rhines,* 544 U.S. at 273-74 (citing *Rose v. Lundy,* 455 U.S. 509, 518-19 (1982)); *King v. Ryan,* 564 F.3d 1133, 1138 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them before seeking relief in federal court.").

The decision whether to grant a *Rhines* stay is subject to the discretion of the district court. *Rhines*, 544 U.S. at 276; *see also Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (when the three *Rhines* factors are satisfied, however, "it likely would be an abuse of discretion for a district court to deny a stay[.]").

## III. DISCUSSION

Petitioner moves the Court to stay this federal habeas proceeding pursuant to *Rhines* so that he may present the state courts with the unexhausted claims in his mixed federal petition. He argues that he should be granted a stay because his failure to fully exhaust some of his claims was caused by the ineffective assistance of state appellate and post-conviction counsel, Emry Allen. (Doc. 49 at 7-11.) The Court concludes that petitioner has met his burden under *Rhines* and is

1  entitled to stay of this proceeding in abeyance of state court exhaustion proceedings, for the
2  reasons discussed below.

3        A.      <u>Good Cause for Failure to Exhaust</u>

4        Petitioner argues that ineffective assistance by state habeas counsel Allen excuses, and
5  provides good cause for his failure to exhaust colorable claim 1 allegations that he is
6  intellectually disabled and therefore ineligible for execution pursuant to *Atkins v. Virginia*, 536
7  U.S. 304 (2002). (*See Id.*) Particularly, petitioner argues that Allen failed adequately to
8  investigate and develop evidence of petitioner's medical, educational, and detention records, and
9  thereupon to support his state habeas *Atkins* claim with the state law requisite declaration by a
10 qualified expert opining his intellectual disability.[5] (Doc. 49 at 8-9, citing *In re Hawthorne*, 35
11 Cal. 4th 40, 47-48 (2005) (the expert's declaration must set forth a factual basis for finding the
12 petitioner has significantly subaverage intellectual functioning and deficiencies in adaptive
13 behavior manifested prior to the end of the developmental period [currently 22 years of age – *see*
14 Doc. 44-9 at 595]); *see also* Pen. Code § 1376(a); Doc. 49-1.[6])

15       Respondent argues that petitioner has not established good cause within the meaning
16 of *Rhines* because the unexhausted allegations of claim 1 are procedurally barred, successive, and
17 unsupported by evidence showing that habeas counsel Allen was ineffective under the standard
18 set out in *Strickland v. Washington*, 466 U.S. 668, 687-92  1984) (ineffective assistance of
19 counsel has two components, deficient performance and prejudice therefrom). (*See* Doc. 51 at 3-
20 7.) Particularly, respondent argues that petitioner has not shown that Allen's allegedly deficient
21 conduct was "objectively unreasonable." (*See* Doc. 51 at 3-4 citing *Roe v. Flores-Ortega*, 528
22 U.S. 470, 479 (2000).) He argues that Allen's declaration proffered in support of the instant
23 motion is at most evidence of his subjective lack of strategic purpose and falls short of the
24 objective unreasonableness required under *Strickland*. (*Id.* citing Doc. 49-1.) For example, he
25 argues that Allen reasonably relied upon the 2012 report of state habeas defense mental health

---

[5] Petitioner's state level *Atkins* claims is claim Seventeen of the state habeas corpus petition. (*See* Doc. 25 at 32.)

[6] Reference to state law is to California law.

1 expert Dr. John Podboy, a clinical and forensic psychologist, who according to respondent emphasized petitioner's depression and made only passing mention of intellectual disability and borderline mental retardation. (*See* Doc. 51 at 8 citing Doc. 44-3 at 5-10.)

Respondent argues further that petitioner has not satisfied the prejudice prong of *Strickland* by showing a reasonable probability of a different outcome absent Allen's allegedly deficient conduct. (*See* Doc. 51 at 3-5.) He argues that Allen's willingness to take the blame for unexhausted claim 1 is not alone a fact from which prejudice may be inferred. (*Id.* citing *Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995).)

"Good cause" in the context of a *Rhines* stay turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify the failure to exhaust. *Jackson*, 425 F.3d at 661-62 (the "good cause" requirement does not require a showing of "extraordinary circumstances"); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 416-17 (2005) (reasonable confusion regarding the timeliness of a state filing ordinarily constitutes good cause); *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("legitimate reason" for the failure to exhaust satisfies the equitable "good cause" element of the *Rhines* test).

The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. The Ninth Circuit has observed that "[while] [t]he caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail . . . 'good cause' under *Rhines*, when based on [ineffective assistance of counsel], cannot be any more demanding than a showing of cause under *Martinez* to excuse state procedural default." *Dixon v. Baker*, 847 F.3d 714, 720-21 (9th Cir. 2017) (citing *Martinez v. Ryan,* 566 U.S. 1 (2012); *Blake*, 745 F.3d at 980, 983–84).

Here, the Court finds that petitioner has demonstrated good cause, i.e. a reasonable excuse and evidentiary support for that excuse, for petitioner's failure to exhaust claim 1. *See Blake,* 745 F.3d at 983-84 & n.7. The *Atkins* claim Allen presented in the state habeas proceeding was not, but could have been supported by the declaration of a qualified expert opining upon petitioner's

5

intellectual disability, which was then and remains a requirement under *Hawthorne*. (*See* Doc. 49-1 at 1-2; *cf.*, Doc. 25-1 at 4-9 [Dec. of Podboy dated February 20, 2012].) "That is a distinction that makes all the difference, because actual intellectual disability [ ] marks the constitutional line that divides eligibility for capital punishment from categorical ineligibility[.]" *Leonard v. Davis*, No. 217CV0796JAMACDP, 2019 WL 1772390, at *2 (E.D. Cal. Apr. 23, 2019) (citing *Atkins*, 536 U.S. at 321), report and recommendation adopted, No. 217CV0796JAMACDP, 2019 WL 2162980 (E. D. Cal. May 17, 2019).

Courts have found good cause where the petitioner offered some form of documentary evidence to support his or her allegations of ineffective assistance of counsel. *See e.g.*, *Blake*, 745 F.3d at 983 (*Rhines'* good cause found where petitioner offered an excuse for his failure to exhaust and supported the excuse with documentary evidence including psychological reports); *Bell v. Davis*, No. 17-cv-1051 WQH (JLB), 2018 WL 5758157, at *5-6, (S.D. Cal. Nov. 1, 2018) (petitioner met good cause requirement by submitting a declaration of state habeas counsel explaining their errors to support his argument of ineffective assistance of counsel).

Here, state habeas counsel Allen was chargeable with knowledge of petitioner's indicia of intellectual disability.[7] (*See* Doc. 49-1 at 1, 3-5.) For example, petitioner's federal habeas counsel have presented this Court with the September 29, 2022 declaration of clinical and forensic neuropsychologist Dr. Robert Ouaou, who personally examined petitioner and administered neuropsychological testing in the spring of 2022, and reviewed psychosocial records pertaining to:

> [Petitioner] and his family members [including] vital records; social history, medical, jail, prison, court, probation, juvenile hall, group home, California Youth Authority, and school records; prior psychiatric evaluations and reports; and declarations of family members, friends, and neighbors. [Dr. Ouaou also reviewed the declaration of [federal habeas defense expert] psychologist and trauma expert, Dr. Laurence Miller.

---

[7] For example, trial counsel Michael Cross, in his recent declaration in support of the instant motion attests to his insufficient investigation of petitioner's mental state and to then available evidence of petitioner's mental impairment, neurological dysfunction, and possible incompetence. (*See* Doc. 52-2 at 5-14; *see also* Doc. 25-1 at 31-41.)

(Doc. 44-9 at 586.[8]) Dr. Ouaou found that petitioner tested to a Full Scale IQ of 78, and that after adjustment for so called Flynn effect (related to repeated IQ testing), petitioner's Full Scale IQ was 74. (*Id.* at 589.) Dr. Ouaou also found life-long deficits in petitioner's executive functioning; impaired to average memory; impaired academic achievement; deficits in social and practical skills; and numerous risk factors for impaired intellectual and neuropsychological functioning including traumatic injuries and possible neurological damage and disorders. (*Id.* at 590-602). Dr. Ouaou opined that petitioner was at the time of trial and still is intellectually disabled under the above noted three diagnostic criteria for "intellectual disability" under the *Atkins'* execution bar, with an onset during the developmental period. (*Id.* at 594-601); *see also Blake*, 745 F.3d at 982-83; *Dixon*, 847 F.3d at 716; *Strickland*, 466 U.S. at 687-92. Dr. Ouaou observed that certain of these indicia of petitioner's intellectual disability were available to trial counsel. (Doc. 44-9 at 596 n.6.) Dr. Ouaou's declaration constitutes evidence that could have been, but was not, developed and presented by Allen in the state habeas court proceedings.

Additionally, Allen has provided his own declaration in support of the instant motion Therein, he states that his failure to provide an expert declaration as required by *Hawthorne* was not strategically motivated and was prejudicial to petitioner in state post-conviction proceedings. (Doc. 49-1 at 1-2; *see also* Doc. 25-1 at 52-54; Doc. 44 at 84-92; Guideline 10.7, *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, 31 HOFSTRA L. REV. 913, 1015-27 (2003) (counsel handling state collateral proceedings must undertake a thorough investigation into the facts surrounding all phases of the case).)

Specifically, Allen concedes that he then was aware of *Hawthorne's* requirement for a declaration by a qualified expert indicating that petitioner was in fact intellectually disabled, and that he did not include such a declaration with the state habeas petition or the informal reply in

---

[8] Dr. Miller found petitioner to present a number of risk factors for developmental delay, cognitive dysfunction, and mental illness (*see* Doc. 44-5 at 107-22); and symptoms associated with developmental disorders and learning disabilities (*id.* at 122-23). Dr. Miller concluded that petitioner should have been assessed for competency at the time of trial (*id.* at 124), and that petitioner continues to suffer significant psychological and cognitive impairments (*id.* at 125-26).

support of the state habeas petition. (*See* Doc. 49-1 at 1.) This is strong evidence of ineffective representation and supports good cause under *Rhines*. *See Cruz v. Mitchell*, No. 13-CV-02792-JST, 2015 WL 78779, at *3 (N.D. Cal. Jan. 5, 2015) (finding good cause where petitioner supported his argument with declarations from prior counsel); *Bell*, 2018 WL 5758157, at *5 (finding good cause where petitioner submitted a declaration from state habeas counsel explaining their errors); *see also Harrington v. Richter*, 562 U.S. 86, 109 (2011) (warning against engaging in rationalization for counsel's actions that are belied by the record).

The Court observes that petitioner need not prove ineffective assistance by his post-conviction counsel in order to be entitled to a *Rhines* stay. *See e.g., Ervine v. Warden, San Quentin State Prison*, No. 2:15-CV-1916 TLN DB, 2018 WL 372754, at *3 (E.D. Cal. Jan. 10, 2018), report and recommendation adopted, No. 2:15-CV-01916-TLN-DB, 2018 WL 1173959 (E.D. Cal. Mar. 6, 2018). Under *Blake*, petitioner need only provide a "concrete and reasonable excuse, supported by evidence" that his post-conviction counsel failed to discover, investigate, and present to the state courts the new claim. 745 F.3d at 983-84; *see also Martinez*, 566 U.S. at 14 (petitioner must demonstrate the underlying ineffective assistance counsel claim has some merit).

Here, as in *Blake*, petitioner's excuse for failing to exhaust is both specific and supported by evidence. Petitioner has done more than make a "bare allegation" of ineffective assistance by his post-conviction counsel. *Blake*, 745 F.3d at 983. He has provided a reasonable excuse in the form of Allen's ineffective assistance in state post-conviction proceedings and evidence supporting that excuse – thereby supporting a colorable claim based upon execution incompetence. *Cf., Barrera v. Muniz*, No. 2:14-CV-2260 JAM DAD P, 2015 WL 4488235, at *3 (E.D. Cal. July 23, 2015), report and recommendation adopted, 2015 WL 6736813 (E.D. Cal. Nov. 4, 2015) (no good cause found where petitioner submitted no evidence in support of ineffective assistance of counsel); *Lisea v. Sherman*, No. 2:14-CV-1766 CKD P, 2014 WL 4418632, at *3 (E.D. Cal. Sept. 8, 2014) (denying a motion for stay and abeyance because the petitioner presented no evidence in support of his contention). The Ninth Circuit has made clear that the federal court should not usurp the state court's right to first address the merits of a

"colorable federal claim." *Dixon,* 847 F.3d at 722.

Accordingly, the Court concludes that petitioner has demonstrated good cause for his previous failure to exhaust.

B.      An Unexhausted Claim is Potentially Meritorious

Petitioner argues further that his unexhausted federal claims generally, and claim 1 specifically, are not plainly meritless. (*See* Doc. 49 at 11.) He argues that matters of potential procedural bar, raised by respondent, should be first passed upon by the state court. (*See* Doc. 52 at 10-11 citing *Dixon*, 847 F.3d at 722 ("principles of comity and federalism demand that the federal court refrain from ruling on the merits" in a *Rhines* posture unless the claim has "no hope"); *Lundy*, 455 U.S. at 515; Pen. Code § 1509(d); *In re Friend*, 11 Cal. 5th 720, 731 (2021), as modified September 1, 2021 (a claim is not second or successive where the factual basis for the claim was unknown to the petitioner and he had no reason to believe that the claim might be made and the claim is asserted as promptly as reasonably possible).) He argues also that the state petition will include claims that are not barred as successive under state law. (*See* Doc. 49 at 11); *see also* Penal Code §§ 1509, 1509.1; *In re Friend*, 11 Cal. 5th at 731.

Petitioner argues further that state habeas counsel Allen's allegedly deficient conduct was prejudicial under *Strickland*. He argues that absent Allen's alleged errors, the state supreme court might well have issued an order to show cause returnable in the Tulare County Superior Court, with directions to hold a hearing on the question of the petitioner's mental retardation.[9] (*See* Doc. 52 at 7-8 citing Doc. 49-1 at 8; *see also* Doc. 44 at 29-57; *Leonard*, 2019 WL 1772390, at *4; *Hawthorne*, 35 Cal. 4th at 48; Pen. Code 1376).

Respondent argues that claim 1 is not potentially meritorious because it is untimely and procedurally defaulted as a matter of state law, and successive of the *Atkins* claims raised by Allen in the state habeas proceedings. (*See* Doc. 51 at 7-9.) He points to: (i) California's timeliness requirements as applied to these facts (*id.* at 7-8 citing Doc. 25), and (ii) the California

---

[9] The Supreme Court has recognized the change in terminology since *Atkins*, and stated that it would use the term "intellectual disability" to describe the condition previously referred to as "mental retardation." *Hall v. Florida*, 572 U.S. 701, 704 (2014).

Supreme Court's denial of the post-conviction *Atkins* claim on the merits (*see* Doc. 51 at 8).

Respondent argues that Allen was not ineffective at the post-conviction level under the *Strickland* standard because Allen did retain state habeas defense psychologist Dr. Podboy to review petitioner's mental health. He argues that Allen reasonably relied upon Dr. Podboy's conclusions regarding competence in deciding not to pursue extensive psychological evaluations for an intellectual disability that Dr. Podboy mentioned only briefly. (*See* Doc. 51 at 8-9 citing Doc. 44-3 at 5.)

The Court observes that the merit inquiry under *Rhines* turns on whether the petitioner has presented a colorable claim, not whether he is likely to prevail. *See Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011). A federal habeas petitioner need only show that one of his unexhausted claims is not "plainly meritless" in order to obtain a stay under *Rhines*. 544 U.S. at 277; *see also Dixon*, 847 F.3d at 722. In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (quoting *Cassett*, 406 F.3d at 624) (citing *Lundy*, 455 U.S. at 515).

Here, the Court finds that claim 1 presents a colorable claim and is potentially meritorious and cannot be said to be "hopeless." *See Cruz*, 2015 WL 78779, at *3 (petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous."). Any potential procedural bar is in the first instance a matter for the state court. Under the federal habeas statute, a claim is unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also* Pen. Code § 1509(d).

In this case, based upon the present before the Court, respondent has not demonstrated that petitioner lacks the right to raise the unexhausted claim 1 allegations in state court. *See* 28 U.S.C. § 2254(b)(1), (c); Pen. Code § 1509(d). Similarly, consideration of whether claim 1 is successive

of the state habeas petition previously considered in state court is appropriately reviewed by that court. *See e.g., In re Friend,* 11 Cal. 5th at 739-42 (the restrictions on successive habeas petitions promulgated in Proposition 66, California's Death Penalty Reform and Savings Act of 2016 [as approved by voters, Gen. Elec. (Nov. 8, 2016) § 1], do not apply to a newly available claim raised at the first opportunity).

Claim 1, augmented consistent with *Hawthorne*, appears to be "well-supported by specific averments and numerous exhibits" and by "relevant legal authority" and "such evidence and offers of proof as are presently available to [petitioner]." *Cruz*, 2015 WL 78779, at *3. Claim 1 seeks the benefit of a clearly established federal law that prohibits capital punishment if petitioner is determined to be intellectually disabled. *See Atkins*, 536 U.S. at 319-20; *Hall v. Florida*, 572 U.S. 701, 708 (2014); *Moore v. Texas*, 581 U.S. 1, 12-13 (2017).

As discussed above, the allegation of intellectual disability is supported by the recent declaration of clinical and forensic neuropsychologist Dr. Ouaou, who personally evaluated petitioner and reviewed his psychosocial history including the recent report of federal habeas psychologist and trauma expert, Dr. Laurence Miller. (*See* Doc. 44-5 at 27-126.) Dr. Ouaou found that petitioner suffered intellectual, neurological, and organic impairments and functional deficits during the developmental period. Dr. Ouaou opined that petitioner was and is intellectually impaired under the above discussed diagnostic criteria for "intellectual disability." Dr. Ouaou observed that certain of these indicia of petitioner's intellectual disability were available to trial counsel. Dr. Ouaou's declaration constitutes evidence that could have been, but was not, developed and presented in state court by Allen, pursuant to *Hawthorne*.

The allegations of claim 1, if true, would entitle petitioner to relief. *See, e.g., Smith v. Ryan*, 813 F.3d 1175, 1202 (9th Cir. 2016) (reversing the petitioner's death sentence after finding he was intellectually disabled under *Atkins* and therefore ineligible for execution). Respondent's failure to address the merits of the claim 1 allegation that Allen was ineffective for failure to comply with the requirements set out in *Hawthorne* suggests, at least inferentially, that claim 1 is appropriately addressed on its merits following its exhaustion. (*See* Doc 51 at 7-9.)

The Court observes that:

> This court has, on multiple occasions, stayed unexhausted Atkins claims out of respect for the underlying policies set forth by the Supreme Court. See, e.g., Espinoza v. Warden, San Quentin State Prison, No. 2:94-cv-1665 JAM DB DP, 2018 WL 3134866, at *2-4, 2018 U.S. Dist. LEXIS 104317, at *6-9 (E.D. Cal. June 21, 2018) (recommending granting stay to permit exhaustion of petitioner's Atkins claim, which was based on new evidence to support petitioner's claim of intellectual disability), adopted in full, Nov. 9, 2018; Ray v. Ayers, No. 1:96-cv-6252-AWI DP, 2006 WL 2051018, at *2-3, 4, 2006 U.S. Dist. LEXIS 53962, at *7-8, 13 (E.D. Cal. July 20, 2006) (granting stay to permit petitioner to exhaust his Atkins claim in state court); Avila v. Chappell, No. 1:11-cv-1196 AWI DP, 2012 U.S. Dist. LEXIS 127888, at *8 (E.D. Cal. Sept. 7, 2012) (granting Rhines stay to permit exhaustion of petitioner's Atkins claim).
>
> Here as in those cases, the presence of a non-frivolous Atkins claim satisfies the merit prong of Rhines.

*Leonard*, 2019 WL 1772390, at *5.

Accordingly, the Court concludes that petitioner has adequately established that at least one of his unexhausted claims is potentially meritorious for purposes of assessing whether he is entitled to a stay under *Rhines*. The Court notes in this regard that the Ninth Circuit made clear in *Dixon* that the federal court should not usurp the state court's right to first address the merits of a "colorable federal claim." *Id.*

    C.    <u>No Intentionally Dilatory Litigation Tactics</u>

Petitioner argues finally that he has not intentionally delayed in pursuing the relief sought in this proceeding, and that in any event, given his substantial impairments, any shortcomings of his counsel should not be attributed to him. (*See* Doc. 49 at 11-13.) Similarly, he argues that any delay in state post-conviction proceedings falls upon the state court and counsel, not him. (*Id.*)

Petitioner points out that he has complied with all timelines imposed by law and the Court's case management orders. (*Id.*) He states that he will promptly pursue the exhaustion claims in state court within sixty (60) days of grant of *Rhines* relief. (*Id.*)

Respondent does not argue that petitioner has engaged in intentionally dilatory litigation tactics, implicitly conceding the point.[10] (*See* Doc. 51.)

---

[10] To the extent respondent argues that petitioner engaged in delay in state court, he does so in support of his argument that petitioner's unexhausted claim 1 lacks potential merit, discussed above. (*See e.g.*, Doc. 51 at 7-9.)

1  The Courts find nothing in the record suggesting that petitioner here has engaged in
2  "intentionally dilatory litigation tactics," either prior to or after the filing of his federal habeas
3  petition.  For example, the Court observes that: (i) petitioner signed his request for appointment
4  of federal habeas counsel less than 14 weeks after the denial of his state habeas petition (*see*
5  Docs. 1, 1-1); (ii) petitioner filed his federal habeas petition within the time allowed under this
6  Court's scheduling and tolling orders (*see* Docs. 26, 31, 37, 41, 44); (iii) any delay in the
7  resolution of petitioner's state habeas claims, which were denied 7.5 years after his state habeas
8  petition was filed, is attributable to the California Supreme Court (*see* Doc. 1-1); (iv) petitioner
9  reasonably awaited this Court's determination regarding state exhaustion proceedings before
10 returning to state court (*see e.g., Bunyard v. Davis*, No. 2:15-cv-1790 WBS AC DP, 2018 WL
11 6065389, at *5 (E.D. Cal. Nov. 20, 2018), adopted as modified *by Bunyard v. Davis*, 2019 WL
12 134564, 2019 U.S. Dist. LEXIS 2736 (E.D. Cal. Jan. 7, 2019) (it was incumbent upon petitioner
13 to not submit an exhaustion petition until he learned which claims required further exhaustion in
14 respondent's view, and until the federal court had an opportunity to weigh in on that question);
15 *Leonard*, 2019 WL 1772390, at *5 (same); and (v) petitioner's alleged intellectual impairments,
16 coupled with the alleged shortcomings of his prior counsel reasonably suggest that any delay
17 should not be attributed to petitioner.

## CONCLUSIONS

19 For the reasons explained above, the Court finds that, as to unexhausted claim 1: (i)
20 petitioner has established good cause for a stay of these proceedings based on his showing of
21 ineffective assistance by state post-conviction counsel, (ii) claim 1 is potentially meritorious, and
22 (3) there is no indication before the Court that petitioner has acted in an intentionally dilatory
23 fashion.[11] [12]  *See Rhines*, 544 U.S. at 278; *Mena*, 813 F.3d at 910.

---

[11] In light of this determination, the Court need not determine whether a *Rhines* stay is appropriate as to each of petitioner's unexhausted claims.  "One claim requiring a stay acts as an umbrella for all claims."  *Horning v. Martel*, No. 2:10-CV-1932 JAM GGH DP, 2011 WL 5921662, at *3 (E.D. Cal. Nov. 28, 2011), findings and recommendations adopted, 2012 WL 163784 (Jan. 19, 2012); *Jackson v. CSP-Solano*, No. 2:14-CV-2268 MCE-DBP, 2017 WL 404583, at *5 (E.D. Cal. Jan. 30, 2017), report and recommendaution adopted 2017 WL 896325 (E.D. Cal. Mar. 6, 2017) (same).

1     Because petitioner has satisfied the requirements for a stay under *Rhines*, the instant proceeding should be stayed and held in abeyance pending exhaustion of his unexhausted claims in state court.[13]

    Even so, a stay pending exhaustion of unexhausted claims may not be indefinite or without reasonable time limits for petitioner's return to state court. *Rhines*, 544 U.S. at 277-78. Although the duration of the stay of these federal habeas proceedings is dependent upon how long the exhaustion petition is pending before the state courts, it will conclude upon the rendering of a final decision in state court on petitioner's exhaustion petition.

    Accordingly:

    1.    Petitioner's request for the issuance of a stay (Doc. 49) is GRANTED and these proceedings are held in abeyance while petitioner exhausts his unexhausted claims in state court.

    2.    Petitioner is directed to file his state court exhaustion petition by not later than sixty (60) days following service of this order, and to promptly file in this Court a notice that he has done so.

    3.    Petitioner is directed to file in this Court, within thirty (30) days after the filing date of the state court's order finally resolving petitioner's unexhausted claims, a motion to lift the stay in this proceeding.

IT IS SO ORDERED.

    Dated:   April 12, 2023

                                                      UNITED STATES DISTRICT JUDGE

---

[12] The *Rhines* analysis would also support the issuance of the requested stay pursuant to the Court's inherent power to manage its dockets and stay proceedings. *See Ryan v. Gonzales,* 568 U.S. 57, 73-74 (2013) (citing *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007)). Particularly, given the facts and circumstances of this case, granting a stay pending exhaustion eliminates the possibility of piecemeal litigation, *see Calderon v. United States District Court (Taylor),* 134 F.3d 981, 987-88 (9th Cir. 1998), abrogated on other grounds by *Jackson*, 425 F.3d at 660-62; and promotes comity, *see Lundy,* 455 U.S. at 518.

[13] Of course, the Court expresses no opinion on the ultimate merits of petitioner's unexhausted claims.